1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

7
8
9
10
11
12
13
14

| | |
|---|---|
| **CHRISTIANA TRUST, A DIVISION WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ALRP TRUST 3,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MONIKA BEITBADAL, and DOES 1 TO 5, Inclusive,**<br><br>**Defendants.** | **1:15-cv-01455 LJO BAM**<br><br>**SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |

15    The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes

16 of Findings and Recommendations in this case.

17    On September 25, 2015, Defendant Monika Beitbadal filed a *pro se* Notice of Removal with this

18 Court, seeking to remove an action from the Superior Court for the County of Stanislaus. Doc. 1. For the

19 following reasons, the Court *sua sponte* REMANDS this case to the Superior Court of California for the

20 County of Stanislaus.

21    Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district

22 court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If at

23 any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

24 shall be remanded. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction and can

25 adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those

1    cases involve diversity of citizenship, a federal question, or where the United States is a party. *See*

2    *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Franchise Tax Bd. of State of Cal. v. Constr.*

3    *Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1442. Lack of subject

4    matter jurisdiction is never waived and may be raised by the Court *sua sponte*. Fed. R. Civ. P. 12(h)(3);

5    *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Furthermore, the law is clear in the Ninth

6    Circuit that the removal statute should be strictly construed in favor of remand and against removal.

7    *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Among other things, this means

8    that the defendant always has the burden of establishing that removal is proper. *California ex rel.*

9    *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Federal jurisdiction must be rejected if there

10   is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

11   Cir. 1992).

12        In determining the presence or absence of federal question jurisdiction in removal cases, the

13   "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a

14   federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*

15   *v. Williams*, 482 U.S. 386, 392 (1987). In the instant case, Defendant is unable to establish federal

16   question jurisdiction because the complaint filed in the state court contains a single cause of action for

17   unlawful detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions

18   are strictly within the province of the state courts. *See PNC Bank Nat'l Ass'n v. Ahluwalia*, No. C 15-

19   01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) (collecting cases). Therefore,

20   Plaintiff's complaint avoids federal question jurisdiction. Defendant argues that a federal question exists

21   in this case because her Notice of Removal "references and incorporates" the "Protecting Tenants at

22   Foreclosure Act of 2009," 12 U.S.C. § 5201 *et seq*. However, a defendant cannot create federal subject

23   matter jurisdiction by adding claims or defenses to a notice of removal. *Vaden v. Discover Bank*, 556

24   U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated

25   counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to

1   a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal

2   preemption and is anticipated in the plaintiff's complaint."). Moreover, even if Defendant could raise a

3   federal question by way of a defense, she could not do so under the Protecting Tenants at Foreclosure

4   Act, because Congress did not create a private right of action when it enacted that statute. *See Capital*

5   *One, N.A. v. Doroudi*, 2012 WL 5305097, at *1 (C.D. Cal. Oct. 24, 2012); *Miller v. Chase Home*

6   *Finance, LLC*, 677 F.3d 1113, 1115–17 (11th Cir. 2012) (affirming dismissal for failure to state a claim

7   because 12 U.S.C. §§ 5201–5261 did not create a private right of action).

8          The next possible basis for this Court's jurisdiction is diversity. District courts have diversity

9   jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000,

10   exclusive of interests and costs," and the action is between "(1) citizens of different States; (2) citizens

11   of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens

12   or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of

13   a State or of different States." 28 U.S.C. § 1332; *see also Geographic Expeditions, Inc. v. Estate of*

14   *Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Defendant cannot establish diversity of citizenship

15   jurisdiction in this case. The complaint filed in the underlying unlawful detainer action unequivocally

16   states that the amount in controversy is less than $10,000. When a state court complaint affirmatively

17   alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal

18   must prove with "legal certainty" that the jurisdictional amount is met. *Guglielmino v. McKee Foods*

19   *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Glassical Creations, Inc. v. Canter*, No. CV 15-04358

20   MMM PJWX, 2015 WL 4127912, at *4 & n. 10 (C.D. Cal. July 7, 2015). Defendant's notice of removal

21   does not provide any basis for a finding that the amount in controversy exceeds the $75,000 threshold.

22   The amount in controversy is determined without regard to any setoff or counterclaim to which

23   defendant may be entitled. *Mesa Indus., Inc. v. Eaglebrook Products, Inc*., 980 F. Supp. 323, 326 (D.

24   Ariz. 1997). Thus, the amount in controversy is insufficient to provide this Court with diversity

25   jurisdiction.

3

1   Moreover, in removal cases where the purported basis of jurisdiction is diversity jurisdiction,

2   removal is not permitted where a defendant is a citizen of the state in which the plaintiff originally

3   brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

4   Here, Defendant lists her address as Turlock, California, and does not provide any alternative basis for a

5   finding of her citizenship.

6   Accordingly, the Court REMANDS this case to the Superior Court for the County of Stanislaus

7   for all future proceedings.

8

9   IT IS SO ORDERED.

10   Dated:   **September 25, 2015**                **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4